STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard
Fifty-Third Floor
Los Angeles, California 90017
Telephone:   213-228-6500
Facsimile:   213-228-6501
E-mail:      shaney@hbplaw.com

Attorneys for Defendants
MIDO TRADING, INC. and GLEN SUH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>MIDO TRADING, INC., a California corporation, PETER CHONG, a/k/a SU WONG CHONG, a/k/a SU W. CHONG, a/k/a PETER SU CHONG, a/k/a SU WONG, individually and doing business as MIDO TRADING CO., GLEN SUH, a/k/a SUNG SUH, individually and doing business as MIDO TRADING CO., and JOHN DOES 1-10,<br><br>Defendants. | Case No. CV08-04405 DDP (AGRx)<br><br>**(1)  DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES FROM PLAINTIFF TO DEFENDANTS' INTERROGATORIES, SET ONE, AND REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE (FRCP 37), AND FOR SANCTIONS IN THE AMOUNT OF $ 1,700.00;**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**(3)  DECLARATION OF NON-COMPLIANCE OF J. ADRIAN ZAMORA IN SUPPORT THEREOF; AND**<br><br>**(4)  [PROPOSED] ORDER** (Separately lodged concurrently herewith)<br><br>Date:  April 27, 2010<br>Time: 10:00 a.m.<br>Place: Hon. Alicia G. Rosenberg<br>      312 N. Spring Street<br>      Courtroom D, 8th Floor<br>      Los Angeles, CA 90012 |

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 27, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Courtroom 3, Second Floor, Los Angeles, California 90012, Defendants Mido Trading, Inc. and Glen Suh (hereinafter "Defendants") will and hereby do move the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Plaintiffs to provide further responses to Defendants Interrogatories and Request for Production of Documents, Set One, including a full and complete privilege log, and that Plaintiff and/or its counsel pay sanctions in the amount of $ 1,700.00 for the expenditure of costs and attorney's fees in the preparation and presentation of this motion.

Defendants' Motion to Compel is based upon the following:

1) Plaintiff failed to provide full and complete responses to Defendants Interrogatories, and Request for Production of Documents, including an adequate privilege log; and

2) Plaintiff's counsel refused to participate in a Local Rule 37-1 pre-filing conference to address the issues contained in this Motion.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Non-Compliance of J. Adrian Zamora, and upon such other matters as may be presented to the Court at the time of the hearing.


Dated: March 26, 2010          HANEY, BUCHANAN & PATTERSON, LLP


By: /s/ Steven H. Haney
    STEVEN H. HANEY
    Attorneys for Defendants MIDO
    TRADING, INC. and GLEN SUH

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

By this Motion, Defendants seek an Order compelling responses to Defendants' properly served Interrogatories and Request for Production of Documents.  Plaintiff's has failed to provide adequate responses to Defendants' discovery requests and Plaintiff's counsel has refused to engage in a Local Rule 37-1 pre-filing conference to avoid the filing of the instant motion.  As a result, Defendants' counsel was unable to file a joint stipulation per this Court's local rules and was forced to file this noticed motion without participation or input from Plaintiff's counsel.

As set forth below, Plaintiff's responses to discovery are wholly inadequate and supplementation is required under the circumstances.

### II.   FACTUAL STATEMENT

On December 10, 2009 Defendants Mido Trading, Inc. and Glen Suh served Interrogatories, Set One, and a Request for Production of Documents, Set One on Plaintiff Louis Vuitton Malletier.  (Zamora Declaration, ¶2)  On January 11, 2010, Plaintiff served unmeritorious objections and responses to the above-mentioned discovery.  (Zamora Decl., ¶3).

Based on the inadequacies of the discovery responses, on February 10, 2010, Defendants' counsel sent Plaintiff's counsel a meet and confer letter outlining its position that Defendants' spurious responses, lacked merit and the objections were made in bad-faith.  (Zamora Decl., ¶4)  In addition, the letter invited Plaintiff's counsel to engage in a pre-filing conference within 10 days of the date of the letter.  (Zamora Decl., ¶4) Later, Defendants' counsel left a voicemail message with Plaintiff's counsel requesting another pre-filing conference.  (Zamora Decl., ¶5)  On March 1, 2010, Plaintiff's counsel responded with correspondence informing Plaintiff's counsel that he would make himself available on March 3-5, 2010 for the conference. (Zamora Decl., ¶5)

0046
0911061945

Later, on or about March 2, 2010 Defendants' counsel sent Plaintiff's counsel another letter inviting them to engage in a pre-filing conference. (Zamora Decl., ¶6). On Thursday, March 4, counsel for the parties agreed to conduct the pre-filing conference on Monday, March 8 at 10:00AM. (Zamora Decl., ¶ )  However, on late-Friday afternoon, Defendants' counsel was informed via email by Plaintiff's counsel that he was unable to attend the pre-filing conference due to a last minute hearing he had to attend on Monday morning. (Zamora Decl., ¶7)  Counsel for the parties thereafter agreed to conduct the conference on Wednesday March 10, at 3:00PM. (Zamora Decl., ¶8)  Then on the day of the conference at approximately 2:31PM, Plaintiff's counsel sent Defendants' counsel an email notifying him that he now he was not "authorized" to conduct the conference, and unilaterally cancelled it without volunteering another date. (Zamora Decl., ¶8).

On that same day, Defendants' counsel responded by requesting the identity of anyone from Plaintiff's firm with authority to conduct the counsel, but never received a response.  (Zamora Decl., ¶9) On Monday, March 15, 2010, Defendants' counsel faxed Plaintiff's counsel another correspondence informing them that Defendants intended to file a motion to compel without their input and would thereafter inform the court of their failure to cooperate in the discovery process pursuant to this court's Local Rules.  (Zamora Decl., ¶10).  Once again, Plaintiff's counsel never responded, thereby necessitating this motion. (Zamora Decl., ¶10) After reviewing the docket and the files in this matter, it is apparent Plaintiff's counsel was never relieved of this obligation by a written Court order upon good cause shown.  (Zamora Decl., ¶11)

## III.   ARGUMENT

### A.   Plaintiff's Counsel Refused to Meet and Confer Per Local Rule 37-1

"Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

1    " Unless relieved by written order of the Court upon good cause shown,
2    counsel for the opposing party shall confer with counsel for the moving party
     within ten (10) days after the moving party serves a letter requesting such
     conference." L.R. 37-1

3            As set forth above, Defendants' counsel requested a pre-filing conference prior

4    to filing the instant motion.  Despite this, Plaintiff's counsel refused to participate in

5    the conference citing his lack of authority.  After reviewing the docket and the files

6    in this matter, it is apparent Plaintiff's counsel was never relieved of this obligation

7    by a written Court order upon good cause shown.  (Zamora Decl., ¶11)

8            In fact, other than stating his lack of authority to participate in the conference,

9    Plaintiff's counsel has produced no cause whatsoever prohibiting him from

10   participating in the conference.  As shown above, Plaintiff's counsel's initial

11   agreement to conduct the conference, only to then later rescind his agreement to

12   conduct the conference.  Plaintiff's counsel's conduct only illustrates his bad-faith

13   and gamesmanship by failing to participate in the statutory process.

14           B.    Plaintiff's Responses to Defendant Mido Trading's Interrogatories. Set
15                 One Are In Bad Faith and Require Supplementation

16           Defendants' counsel served 12 basic interrogatories.  Plaintiff's bad-faith

17   responses and the reasons for further responses are set-forth below.

18
19   **INTERROGATORY NO. 1:**
          Identify all facts explaining how Plaintiff came into possession of the alleged
20   "Offending Goods" which are referenced in paragraph 22 of Plaintiff's Complaint.

21   **RESPONSE TO INTERROGATORY NO. 1**

22           Plaintiff refers and incorporates herein all of the General Objections set forth
     above.

23           Plaintiff also objects to the phrase "all facts explaining" as vague, ambiguous,
24   and undefined, and renders the Request similarly vague and ambiguous.  Plaintiff
     further objects to this Request to the extent that it seeks information that is neither
25   relevant to the subject matter of, nor reasonably calculated to lead to the discovery of
     admissible evidence relevant to Plaintiff's claim for damages, which is the only
26   remaining issue to be decided in this action.  Plaintiff further objects to this Request
     to the extent that it seeks information that is covered by the attorney-client privilege,
27   the work product immunity doctrine, and/or otherwise protected from discovery.
     Plaintiff objects to the extent that it violates the United States and California
28   constitutional, statutory, and common law rights of privacy in financial and
     confidential information of Plaintiff and third parties.

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff directs Defendant to the declaration of Michael Pantalony in Support of Plaintiff's Motion for Default Judgment (hereinafter, "Pantalony Declaration"), which is in Defendant's possession and which has been filed in this action.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

According to Plaintiff's interrogatory response, it states "responsive information is located in the Pantalony Declaration." This answer is problematic in that each interrogatory must be answered fully, and must not simply refer to another document. Additionally, Plaintiff's response does not state that "all" responsive information is contained in the Pantalony Declaration. To the extent there is any information outside of the four corners of that document that is responsive to the interrogatory, that information must be provided. In addition, if all the information that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's response needs to be supplement to state "all" responsive information is located in the Pantalony Declaration. Otherwise, Plaintiff could provide additional information or documentation at time of trial based on the fact that failed to provide all information that was responsive to the interrogatory.

## INTERROGATORY NO. 3:

Identify all documents evidencing, relating to, or reflecting how Plaintiff came into possession of the alleged "Offending Goods" which are referenced in paragraph 22 of Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 3

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the phrase "evidencing, relating to, or reflecting" as vague, ambiguous, and undefined, and renders the Request similarly vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim for damages, which is the only remaining issue to be decided in this action. Plaintiff further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work product immunity doctrine, and/or otherwise protected from discovery. Plaintiff objects to the extent that it violates the United States and California constitutional, statutory, and common law rights of privacy in financial and confidential information of Plaintiff and third parties.

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Responsive information is located in the Pantalony declaration and identified in Plaintiff's privilege log.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

To the extent any documents are being withheld based on an objection or claim of privilege, Plaintiff must identify them with sufficient specificity so that counsel may evaluate the objection and/or claim of privilege.

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

Second, Plaintiff's objection on the grounds of trade secret, proprietary or other confidential information does not allow counsel the opportunity to evaluate the claim. To the extent new documents are being withheld on this basis, they must also be identified with specificity in the privilege log.

According to Plaintiff's interrogatory response, it also states "responsive information is located in the Pantalony Declaration." This answer is problematic in that each interrogatory must be answered fully, and must not simply refer to another document. Additionally, Plaintiff's response does not state that "all" responsive information is contained in the Pantalony Declaration. To the extent there is any information outside of the four corners of that document that is responsive to the interrogatory, that information must be provided. In addition, if all the information that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's response needs to be supplement to state "all" responsive information is located in the Pantalony Declaration. Otherwise, Plaintiff could provide additional information or documentation at time of trial based on the fact that failed to provide all information that was responsive to the interrogatory.

## INTERROGATORY NO. 4:

Identify the total number of alleged "Offending Goods" purchased by Plaintiff's as referenced in Paragraph 22 of Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 4

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the request as vague, ambiguous, and undefined. Plaintiff further objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim for damages, which is the only remaining issue to be decided in this action. Plaintiff further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work product immunity doctrine, and/or otherwise protected from discovery. Plaintiff objects to the extent that it violates the United States and California constitutional, statutory, and common law rights of privacy in financial and confidential information of Plaintiff and third parties.

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Responsive information is located in the Pantalony declaration.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

To the extent any documents are being withheld based on an objection or claim of privilege, Plaintiff must identify them with sufficient specificity so that counsel may evaluate the objection and/or claim of privilege.

Second, Plaintiff's objection on the grounds of trade secret, proprietary or other confidential information does not allow counsel the opportunity to evaluate the claim. To the extent new documents are being withheld on this basis, they must also be identified with specificity in the privilege log.

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

According to Plaintiff's interrogatory response, it also states "responsive information is located in the Pantalony Declaration." This answer is problematic in that  each interrogatory must be answered fully, and must not simply refer to another document.  Additionally, Plaintiff's response does not state that "all" responsive information is contained in the Pantalony Declaration. To the extent there is any information outside of the four corners of that document that is responsive to the interrogatory, that information must be provided.  In addition, if all the information that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's response needs to be supplement to state "all" responsive information is located in the Pantalony Declaration. Otherwise, Plaintiff could provide additional information or documentation at time of trial based on the fact that failed to provide all information that was responsive to the interrogatory.

## INTERROGATORY NO. 5:

Identify the total number of alleged "Offending Goods" currently in Plaintiffs' custody, control, or possession as referenced in Paragraph 22 of Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 5

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the request as vague, ambiguous, and undefined. Plaintiff further objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim for damages, which is the only remaining issue to be decided in this action.  Plaintiff further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work product immunity doctrine, and/or otherwise protected from discovery.  Plaintiff objects to the extent that it violates the United States and California constitutional, statutory, and common law rights of privacy in financial and confidential information of Plaintiff and third parties.

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Responsive information is located in the Pantalony declaration.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

To the extent any documents are being withheld based on an objection or claim of  privilege, Plaintiff must identify them with sufficient specificity so that counsel may evaluate the objection and/or claim of privilege.

Second, Plaintiff's objection on the grounds of trade secret, proprietary or other confidential information does not allow counsel the opportunity to evaluate the claim. To the extent new documents are being withheld on this basis, they must also be identified with specificity in the privilege log.

According to Plaintiff's interrogatory response, it also states "responsive information is located in the Pantalony Declaration." This answer is problematic in that  each interrogatory must be answered fully, and must not simply refer to another document.  Additionally, Plaintiff's response does not state that "all" responsive

information is contained in the Pantalony Declaration. To the extent there is any information outside of the four corners of that document that is responsive to the interrogatory, that information must be provided.  In addition, if all the information that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's response needs to be supplement to state "all" responsive information is located in the Pantalony Declaration. Otherwise, Plaintiff could provide additional information or documentation at time of trial based on the fact that failed to provide all information that was responsive to the interrogatory.

## INTERROGATORY NO. 7:

Identify the total dollar amount, per unit Plaintiff paid in purchasing the alleged "Offending Goods" which are referenced paragraph 22 of Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 7

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the request as vague, ambiguous, and undefined. Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Responsive information is located in the Pantalony declaration.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

According to Plaintiff's interrogatory response, it states "responsive information is located in the Pantalony Declaration."  This answer is problematic in that  each interrogatory must be answered fully, and must not simply refer to another document.  Additionally, Plaintiff's response does not state that "all" responsive information is contained in the Pantalony Declaration. To the extent there is any information outside of the four corners of that document that is responsive to the interrogatory, that information must be provided.  In addition, if all the information that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's response needs to be supplement to state "all" responsive information is located in the Pantalony Declaration. Otherwise, Plaintiff could provide additional information or documentation at time of trial based on the fact that failed to provide all information that was responsive to the interrogatory.

## INTERROGATORY NO. 8:

Identify the fair market value in dollars, per unit, of authentic Louis Vuitton handbags carrying Louis Vuitton Trademarks and Copyrighted Work, that were allegedly infringed upon by Defendants' "Offending Goods" which are referenced in paragraph 22 of Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the phrase "fair market value" as vague, ambiguous,

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

1   and undefined and renders the Request similarly vague and ambiguous.

2       Subject to and without waiving any of the foregoing general and specific
    objections, Plaintiff responds as follows: Responsive information is located in the
3   Pantalony declaration.

4   **REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND**
    **REQUIRES SUPPLEMENTATION**

5
6       According to Plaintiff's interrogatory response, it states "responsive
    information is located in the Pantalony Declaration." This answer is problematic in
7   that  each interrogatory must be answered fully, and must not simply refer to another
    document.  Additionally, Plaintiff's response does not state that "all" responsive
8   information is contained in the Pantalony Declaration. To the extent there is any
    information outside of the four corners of that document that is responsive to the
9   interrogatory, that information must be provided.  In addition, if all the information
    that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's
10  response needs to be supplement to state "all" responsive information is located in
    the Pantalony Declaration. Otherwise, Plaintiff could provide additional information
11  or documentation at time of trial based on the fact that failed to provide all
    information that was responsive to the interrogatory.

12
13  **INTERROGATORY NO. 9:**
        Identify all documents evidencing, relating to, or reflecting the dollar
14  amount(s) Plaintiff paid, per unit, in purchasing the alleged "Offending Goods"
    which are referenced in paragraph 22 of Plaintiff's Complaint.

15
16  **RESPONSE TO INTERROGATORY NO. 9**

17      Plaintiff refers and incorporates herein all of the General Objections set forth
    above.

18      Plaintiff further objects to the request as vague, ambiguous, and undefined.
    Subject to and without waiving any of the foregoing general and specific objections,
19  Plaintiff responds as follows: Responsive information is located in the Pantalony
    declaration.

20
21  **REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND**
    **REQUIRES SUPPLEMENTATION**

22      According to Plaintiff's interrogatory response, it states "responsive
    information is located in the Pantalony Declaration." This answer is problematic in
23  that  each interrogatory must be answered fully, and must not simply refer to another
    document.  Additionally, Plaintiff's response does not state that "all" responsive
24  information is contained in the Pantalony Declaration. To the extent there is any
    information outside of the four corners of that document that is responsive to the
25  interrogatory, that information must be provided.  In addition, if all the information
    that is responsive to the interrogatory is in the Pantalony Declaration, Plaintiff's
26  response needs to be supplement to state "all" responsive information is located in
    the Pantalony Declaration. Otherwise, Plaintiff could provide additional information
27  or documentation at time of trial based on the fact that failed to provide all
    information that was responsive to the interrogatory.

28
    **INTERROGATORY NO. 10:**

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

Identify all person(s) including name(s), address(es) and current telephone number(s), who have maintained possession of the alleged "Offending Goods" as referenced in paragraph 22 of Plaintiff's Complaint, since their purchase.

## RESPONSE TO INTERROGATORY NO. 10

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the Request as vague, ambiguous, and undefined. Plaintiff further objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim for damages, which is the only remaining issue to be decided in this action. Plaintiff further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work product immunity doctrine, and/or otherwise protected from discovery. Plaintiff objects to the extent that it violates the United States and California constitutional, statutory, and common law rights of privacy in financial and confidential information of Plaintiff and third parties.

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff's agents and its investigators.

## REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION

Plaintiff's response to this Interrogatory is inadequate because the question calls for identity of the persons, including name, address and telephone numbers, of persons who maintained possession of the "counterfeiting goods". Plaintiff merely states, "Plaintiff's agents and its investigators." Defendants' counsel has no idea who these individuals are, or where they are located, or their phone numbers. As a result, this response must be supplemented.

## INTERROGATORY NO. 11:

State and explain, with particularity, all facts, proof, or evidence which, in whole or in part, support Plaintiff's Prayer for Relief, including but not limited to, the identification of specific amounts of damages as alleged in Plaintiff's Complaint.

## RESPONSE TO INTERROGATORY NO. 11

Plaintiff refers and incorporates herein all of the General Objections set forth above.

Plaintiff also objects to the Request as overbroad, oppressive, and unduly burdensome. Plaintiff objects to this Request as calling for legal conclusions. Plaintiff further objects to the Request as vague, ambiguous, and undefined. Plaintiff also objects to this Request to the extent that it seeks information that is neither relevant to the subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim for damages, which is the only remaining issue to be decided in this action. Plaintiff further objects to this Request to the extent that it seeks information that is covered by the attorney-client privilege, the work product immunity doctrine, and/or otherwise protected from discovery. Plaintiff objects to the extent that it violates the United States and California constitutional, statutory, and common law rights of privacy in financial and confidential information of Plaintiff and third parties.

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

Subject to and without waiving any of the foregoing general and specific objections, Plaintiff responds as follows: Responsive information is located in the complaint, motion for default judgment against defendants and opposition to Defendant's motion to set aside default judgment, as well as the paper, pleadings and other documents filed in this action.

**REASON WHY PLAINTIFF'S RESPONSE IS INCOMPLETE AND REQUIRES SUPPLEMENTATION**

Plaintiff's response to this Interrogatory inappropriately and vaguely refers to various pleadings in the action, and also fails to state that all responsive information is located in those pleadings. Plaintiff also states at the end of the response that the information is contained in the "paper, pleadings, and other documents filed in this action" but fails to mention which ones. This response is too general and does not directly respond to the interrogatory with sufficient specificity. As such it must be supplemented.

    C.    <u>Plaintiff's Responses to Defendant Mido Trading's Request for Production of Documents, Set One Are In Bad Faith and Require Supplementation</u>

Plaintiff's responses to Mido Trading's Request for Production are grossly lacking and suffer from the same defects as the above-referenced interrogatory responses. Defendants' Request for Production contained a representation as to each of the 14 requests that, subject to a protective order, it would "produce or make available for production relevant non-privileged documents, if any, within its possession, custody, or control that are responsive to this Request."

In his February 20, 2010 meet and confer letter, Defendants' counsel requested that Plaintiff's counsel forward an appropriate protective order for its consideration. Plaintiff's counsel never complied and then later refused altogether to participate in a pre-filing conference or to meet and confer on this issue. As such, Plaintiff's counsel has conducted himself in bad-faith and his tactics cannot be condoned by this Court by now hiding behind the alleged necessity of a protective order, failing to provide one, and then refusing to even meet and confer on this issue.

It is obvious Plaintiff's counsel's tactics were utilized to inhibit Defendants' ability to receive information to evaluate Plaintiff's claims and properly prepare for trial. As such, all documents Defendants' counsel requested must be produced forthwith.

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945

1

**D.    Plaintiff's Privilege Log Lacks Specificity**

2

Plaintiff did provide a "privilege log."  However, it is inadequate to fairly

3

evaluate Plaintiff's claim of privilege.  What is required to make an intelligent

4

analysis of the validity of the privilege claim is the name of the author of the

5

document, the name of the recipient of the document, and the general subject matter

6

of the document (without revealing the specific contents of the document).  Only

7

then will Defendants' counsel be able to evaluate the propriety of the claim of

8

privilege. As such, an adequate log reflecting the above requirements must be

9

produced.

10

**E.    Sanctions are Allowable Under L.R. 37-4 For Plaintiff's Counsel's
Failure to Cooperate in the Discovery Process**

11

12

"The failure of any counsel to comply with or cooperate in the foregoing

13

procedures may result in the imposition of sanctions." L.R. 37-4.  Based upon the

14

above, Plaintiff was not negligent in failing to participate in the discovery process

15

but affirmatively represented that it was not going to do so.  Such contemptuous

16

conduct cannot be condoned by this Court, and as such, sanctions in the amount of

17

$1,700.00 for attorney fees and expenses incurred in bringing this motion are

18

warranted.

19

**IV.    CONCLUSION**

20

Based upon the foregoing Defendants respectfully request that this Court grant

21

their motion to compel further responses to the above discovery along with a proper

22

privilege log, and for sanctions in the amount of $1,700.00

23

24

Dated: March 26, 2010             HANEY, BUCHANAN & PATTERSON,LP

25

26

27

By: /s/ Steven H. Haney
    STEVEN H. HANEY
    Attorneys for Defendants MIDO
    TRADING, INC. and GLEN SUH

28

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

0046
0911061945