Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
David K. Caplan (Bar No. 181174)
dcaplan@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:   (310) 248-3830
Facsimile:   (310) 860-0363

Attorneys for Plaintiff
LOUIS VUITTON MALLETIER, S.A.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>MIDO TRADING, INC., et al.,<br><br>Defendants. | Case No.:  CV 08-04405 DDP (AGRx)<br><br>**FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANTS MIDO TRADING, INC. AND GLEN SUH, A/K/A SUNG SUH, INDIVIDUALLY AND DOING BUSINESS AS MIDO TRADING CO.** |

Plaintiff Louis Vuitton Malletier, S.A. (hereinafter "Louis Vuitton" or "Plaintiff") having filed a Complaint in this action charging defendants Mido Trading, Inc. and Glen Suh a/k/a Sung Suh d/b/a Mido Trading Co. (hereinafter collectively referred to as "Mido" or "Defendants") with federal trademark counterfeiting, federal trademark infringement, federal false designation of origin, federal trademark dilution, federal copyright infringement, state statutory and common law trademark counterfeiting, infringement, unfair competition and trademark dilution, and constructive trust, and the parties desiring to settle the controversy between them, it is

**ORDERED, ADJUDGED AND DECREED** as between the parties hereto that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116(a) and 1121; 17 U.S.C. § 501; 28 U.S.C. § 1331, and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1400(a) and 1391 (b), and (c). Service was properly made against Defendants.

2. Louis Vuitton is organized and existing under the laws of France, with its principal place of business at 2 Rue du Pont Neuf, 75001, Paris, France. Louis Vuitton is the sole and exclusive distributor in the United States of goods bearing the Louis Vuitton Trademarks and Louis Vuitton Copyrighted Work (defined below).

3. Louis Vuitton is the owner of all rights in and to numerous federal trademark applications and registrations including without limitation, the following:

| **Mark** | **Registration / Serial No.** | **Date of Registration** |
|---|---|---|
| LV (and pattern design) | 297,594 | September 20, 1932 |
| Flower Design | 2,177,828 | August 04, 1998 |
| Flower Design | 2,181,753 | August 18, 1998 |
| Flower Design | 2,773,107 | October 14, 2003 |
| Toile Damier | 2,421,618 | January 16, 2001 |
| Damier | 3,576,404 | February 17, 2009 |

Louis Vuitton is also the owner of the common law Monogram Multicolor Trademark, a modified version of its Toile Monogram Trademark, printed in thirty-three bright Murakami colors on a white or black background, and the common law Damier Azur Trademark (a modified version of its Damier Trademark, printed in cream and azure blue colors).  Louis Vuitton's trademarks, including without limitation those specifically identified hereinabove, are hereinafter collectively referred to as the "Louis Vuitton Trademarks."

4.     The Louis Vuitton Trademarks are in full force and effect; and the Trademarks thereof and the goodwill of Plaintiff's businesses in connection with which the trademarks are used have never been abandoned.

5.     Plaintiff is the owner of certain registrations in the United States Copyright Office including, but not limited to, U.S. Registration No. VA 1-250-121 for the Louis Vuitton Multicolor Monogram – Black Print and U.S. Supplementary Registration No. VA-1-365-644 for the Louis Vuitton Multicolor Monogram –Black Print.  Louis Vuitton's copyrights, including without limitation, the copyright specifically identified hereinabove, are hereinafter collectively referred to as the "Louis Vuitton Copyrighted Work."

6.     Plaintiff alleges that Defendants have manufactured, imported, exported, advertised, promoted, distributed, offered for sale and sold handbags wrongfully bearing counterfeits and infringements of the Louis Vuitton Trademarks and Louis Vuitton Copyrighted Work as depicted in Exhibit 4 to the complaint filed this action (hereinafter, the "Accused Products").

7.     Defendants and their officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities under Defendants' direction or control, or in active concert or participation with any of them, agree to be contractually enjoined and are immediately and permanently enjoined and restrained throughout the world from:

|   |   |   |
|---|---|---|
| 1 | A. | Using any reproduction, counterfeit, copy or colorable imitation or designation confusingly similar to the Louis Vuitton Trademarks or substantially similar to the Louis Vuitton Copyrighted Work to identify any goods or the rendering of any services not authorized by Plaintiff; |
| 6 | B. | Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of Plaintiff's name and Plaintiff's Louis Vuitton Trademarks and Louis Vuitton Copyrighted Work; |
| 10 | C. | Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce; |
| 15 | D. | Further infringing Plaintiff's trademarks and copyrights by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy, colorable imitation, or confusingly similar or substantially similar designation of Plaintiff's Louis Vuitton Trademarks and Louis Vuitton Copyrighted Work; |
| 23 | E. | Further counterfeiting Plaintiff's trademarks by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, |

|   |   |   |
|---|---|---|
| 1 |    | copy, colorable imitation, or confusingly similar or substantially |
| 2 |    | similar designation of Plaintiff's Louis Vuitton Trademarks and |
| 3 |    | Louis Vuitton Copyrighted Work; |
| 4 | F. | Using any simulation, reproduction, counterfeit, copy, colorable |
| 5 |    | imitation or confusingly similar or substantially similar designation |
| 6 |    | of Plaintiff's Louis Vuitton Trademarks and Louis Vuitton |
| 7 |    | Copyrighted Work in connection with the rental, promotion, |
| 8 |    | advertisement, display, sale, offering for sale, manufacture, |
| 9 |    | production, circulation or distribution of any unauthorized products |
| 10 |    | in such fashion as to relate or connect, or tend to relate or connect, |
| 11 |    | such products in any way to Plaintiff, or to any goods or services |
| 12 |    | sold, manufactured, sponsored or approved by, or connected with |
| 13 |    | Plaintiff; |
| 14 | G. | Making any statement or representation whatsoever, or using any |
| 15 |    | false designation of origin or false description, or performing any |
| 16 |    | act, which can or is likely to lead the trade or public; or individual |
| 17 |    | members thereof, to believe that any products manufactured, |
| 18 |    | distributed, sold or rented by Defendants is in any manner |
| 19 |    | associated or connected with Plaintiff, or is sold, manufactured, |
| 20 |    | licensed, sponsored, approved or authorized by Plaintiff; |
| 21 | H. | Dealing in any goods and services that constitute counterfeits or |
| 22 |    | infringements of any of Plaintiff's Louis Vuitton Trademarks or |
| 23 |    | Louis Vuitton Copyrighted Work or that infringe or impair |
| 24 |    | Plaintiff's rights in, or to use or to exploit, said trademarks and |
| 25 |    | copyrights, or constituting any dilution of Plaintiff's name, |
| 26 |    | reputation or goodwill; |
| 27 |    |   |
| 28 |    |   |

I. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Louis Vuitton Trademarks and Louis Vuitton Copyrighted Work;

J. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs "A" through "I", above, including without limitation assisting, aiding or abetting any other person or business entity to engage in or perform any of the above-described acts.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

9. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

10. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

**IT IS SO ORDERED**

Dated: April 26, 2010, Los Angeles, California.

_____
Dean D. Pregerson
UNITED STATES DISTRICT JUDGE

Presented by:

KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
(310) 248-3830

_____
Anthony M. Keats
Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

## CONSENTS

The undersigned hereby consent to the entry of the Final Judgment Upon Consent.

Dated: March ____, 2010     MIDO TRADING, INC.

                            By:   _____

                            Printed Name_____

                            Its:_____

Dated: March ____, 2010     GLEN SUH a/k/a SUNG SUH d/b/a MIDO TRADING CO


                            By:   _____

Dated: March ____, 2010     LOUIS VUITTON MALLETIER, S.A.


                            By:   _____